IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLINGTON SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:08-CV 738 |
| JAMES LING D/B/A RANGER | § | |
| ENTERPRISES AND ALEJANDRO | § | |
| MARTINEZ, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ALEJANDRO MARTINEZ' MOTION TO DISMISS ACTION SEEKING DECLARATORY JUDGMENT ON THE ISSUE OF THE DUTY TO INDEMIFY AND BRIEF IN SUPPORT THEREOF; MOTION TO DISMISS DECLARATORY JUDGMENT ACTION BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED AND BRIEF IN SUPPORT THEREOF; AND ORIGINAL ANSWER

To the Honorable Judge of the United States District Court:

Comes Now, Defendant Aljendro Martinez and presents this his Motion To Dismiss Action Seeking Declaratory Judgment On The Issue Of The Duty To Indemify and Memorandum In Support Thereof; Motion To Dismiss Declaratory Judgment Action Based On The Doctrine Of Collateral Estoppel For Failure To State A Claim For Which Relief May Be Granted And Memorandum In Support Thereof; and, subject to said motions, his Original Answer; and in support thereof would show the following:

**I.**

## MOTION TO DISMISS ACTION SEEKING DECLARATORY JUDGMENT ON THE ISSUE OF THE DUTY TO INDEMNIFY AND BRIEF IN SUPPORT THEREOF

1.      Pursuant to Federal Rule of Civil Procedure 12(b)(1), Alejandro Martinez ("Martinez"), defendant, respectfully moves to dismiss the plaintiffs' claim for declaratory relief for want of subject-matter jurisdiction to the extent that the relief sought seeks a declaration of the duty to indemnify under a policy of liability insurance before the rendition of a judgment in the underlying liability suit imposing liability on the insured.

2.      Plaintiff states it is seeking to determine wheter there is a duty to indemnify in the underlying suit.  If the Court determines that there is no duty to defend, tghen it may conclude that, based on the pleadings then presented, that there is no duty to indemnify. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82-83 (Tex.1997).   It may not determine the duty to indemnify based on actual facts that overlap with the facts of the underlying tort litigation. *Id.*

3.      In the present case, the underlying liability suit will determine the issues that the Plaintiff seeks to resolve in this action.   When the facts that govern coverage are to be determined in the underlying liability suit, the duty to indemnify is not justieiable until the question of the insured's liability has been resolved. *Griffin, supra.* Because the facts on which Plaintiff seeks declaratory relief are material to the underlying liability suit, duty to indemnify in this case cannot be resolved and is not yet ripe for determination.

4.      When the coverage defense depends on issues that will be determined in whole or in part in the underlying liability suit, a court "is without authority to decide an insurer's duty to

indemnify in the absence of a final judgment in the underlying tort action." *Nationwide Property*

*& Cas. Ins. Co. v. McFarland*, 887 S.W.2d 487, 491 (Tex.App. -- Dallas 1994, writ denied)

(citing *Central Sur. & Ins., Corp. v. Anderson*, 445 S.W.2d 514, 515 (Tex.1969); *Firemen's Ins.*

*Co. v. Burch*, 442 S.W.2d 331, 333-34 (Tex.1968)). Absent a justiciable claim, the Court has no

subject-matter jurisdiction. *Villas at Parkside Partners v. City of Farmers Branch*, Civil Action

Nos. 3:06-CV-2371-L, 3:06-CV-2376-L, 3:07-CV-0061-L, 2008 WL 2201978; 2008 WL

2201978, (N. D. Tex. 2008).

5.       Therefore, to the extent that the Plaintiff's complaint seeks relief in the form of a

declaration of the duty to indemnify based upon actual facts involved in the underlying suit, such

claim for relief should be dismissed for want of subject-matter jurisdiction.

## II.

## MOTION TO DISMISS DECLARATORY JUDGMENT ACTION BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED AND MEMORANDUM IN SUPPORT THEREOF

6.       Pursuant to Federal Rule of Civil Procedure 12(b)(6), Alejandro Martinez

("Martinez"), defendant, respectfully moves to dismiss the plaintiffs' claim for declaratory relief

to the extent that such relief is predicated on the application of the doctrine of collateral estoppel

as set forth in Plaintiff's Complaint for Declaratory Judgment.

7.       In its complaint, plaintiff summarily alleges "that Alejandro Martinez is bound by the

Judgment entered in the first coverage case under the doctrine of collateral estoppel" and that

"Allejandro Martinez and Ranger are in privity." (Docket No. 1 at p.6). That allegation is based

on the alleged entry of a default judgment in a prior suit between the plaintiff and Defendant Ranger.

8. This allegation is legally insufficient to state a claim of issue preclusion or collateral estoppel against Defendant Martinez. The doctrine of issue preclusion or collateral estoppel provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *see also Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991); RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Moreover, federal law determines the preclusive effect of issues resolved in prior litigation. *See Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664 (5th Cir.1994); *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir.1989) (diversity case); *Avondale Shipyards, Inc. v. Insured Lloyds*, 786 F.2d 1265, 1269 n. 4 (5th Cir.1986).

## A. ELEMENTS NECESSARY TO INVOKE COLLATERAL ESTOPPEL

9. Not only must the issue preclusion arise in litigation between the same parties, but it also requires the pleading and proof of three additional elements: (1) the issue at stake must be *identical* to the one involved in the prior action; (2) the issue must have been *actually litigated* in the prior action; and (3) the determination of the issue in the prior action must have been a *material* part of the judgment in that earlier action." *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir.1999); *see also In re Kleibrink*, Civil Action No. 3:07-CV-0088-K, 2007 WL 2438359 (N.D. Tex. Aug. 28, 2007). The alleged default judgment in the previous declaratory judgment

action between Plaintiff and Defendant Ranger does not meet these criteria with respect to Defendant Martinez.

## B.      IDENTITY OF ISSUES NOT SHOWN

10.     The Plaintiff's pleadings clearly state that the pleadings upon which the prior default judgment was based have been amended and superseded.

11.     A determination that there is not a duty to defend under one set of pleadings does not show and cannot support a finding that there is a duty to defend under amended pleadings. Each pleading must be evaluated on its own merits. *Rhodes v. Chicago ins. Co.,* 719 F.2d 116, 119 (5th Cir. 1983)(holding that "the duty to defend is determined by examining the latest, and only the latest, amended pleadings. A complaint which does not initially state a cause of action under the policy, and so does not create a duty to defend, may be amended so as to give rise to such a duty.").

12.     Accordingly, there is no identity of issues between the default judgment and the current action, collateral estoppel is inapplicable to either Martinez or James Ling dba Ranger Enterprises ("Ranger").

## B.      DEFAULT JUDGMENT DOES NOT AMOUNT TO "ACTUAL LITIGATION"

13.     The default judgment in the earlier action is not binding on Martinez because the issues in the previous declaratory judgment action were not actually litigated. Plaintiff admits that the first action resulted in a default judgment based on the failure of Ranger to answer that action, looked only to the allegations of Plaintiff and thus did not involve the court's consideration on any evidence presented. Copies of the default judgment and the order granting it are attached hereto as Exhibits A and B. Therefore, Plaintiff has failed to allege that the first

judgment was reached as a result of the Court's consideration of evidence or actual litigation of the facts.

14. Facts are "actually litigated" only when they are properly raised by the pleadings, submitted for determination, and actually determined. *Gober v. Terra + Corp.*, 100 F.3d 1195, 1203 (5th Cir.1996). Generally, a default judgment does not meet the "actually litigated" test necessary for issue preclusion. *In re Pancake*, 199 B.R. 350, 353 (N. D. Tex. 1996); *In re Turner*, 144 B.R. 47, 51-53 (Bankr. E. D. Tex.1992).

15. The distinction between the default resulting from a failure to answer and the failure to appear after filing an answer rests on the fact that in the latter case judgment cannot be rendered without the presentation of evidence legally sufficient to state a prima facie case of the facts alleged, whereas the former involves no actual litigation of any issue at all. *Garner*, 56 F.3d at 680. This distinction also rests on the practical fact that a defendant may fail to answer and thereby "suffer a default [judgment] for many valid reasons other than the merits of the plaintiff's claim." RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. d (1982). Therefore, a default judgment resulting from a failure to answer is not actual litigation of the issue and does not support a claim of issue preclusion.

## C. LACK OF IDENTITY OF PARTIES BECAUSE DEFENDANT MARTINEZ WAS NOT A PARTY TO THE FIRST JUDGMENT AND WAS NOT ADEQUATELY REPRESENTED BY RANGER

16. Plaintiff fails to allege that Defendant Martinez was a party to the first action. Because Martinez was not a party, he cannot be bound by the judgment. *Ashe v. Swenson*, 397 U.S. at 443. Indeed, Martinez was an indispensable party whose presence was necessary for the

adjudication of that issue. *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 18 Fed.R.Serv.2d 233 (5th Cir. 1974).

17. To avoid the fact that Martinez was not a party in the First Coverage Suit, Plaintiff alleges the unsupported conclusion that Defendant Martinez is "in privity" with Defendant Ranger. That allegation, however, adds nothing. Plaintiff alleges no facts showing how Ranger had the authority, either in law or in fact, to represent the interests of Martinez in the previous litigation. Federal courts will not bind a nonparty to a judgment under the doctrine of virtual representation unless that party's interests were represented adequately by a party in the original suit. *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir.1987).

18. As the Fifth Circuit explained in *Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131,1140 (5th Cir. 1991), the concept of adequate representation, at a minimum, requires that the named party must assure that the issues of shared concern with any parties virtually represented are actually and fully litigated. Clearly, Ranger failed that test. After all, Ranger wholly defaulted and failed to represent even its own interests.

19. A party who defaults cannot virtually represent any other party because such representation is inherently inadequate. *See, e.g., R.M.H. v. Messick*, 828 S.W.2d 226, 230 (Tex.App.-Fort Worth 1992, no writ)(failure to appear at trial). Basic notions of due process prevent a wholesale default from being deemed an adequate representation of the interests of someone not a party to the suit, such Defendant Martinez.

20. A nonparty may be bound by a judgment where that party has been virtually represented by an actual party to the earlier litigation. The actual party's interests must be so

closely aligned with the nonparty's interests as to be his virtual representative. For a nonparty to

be sufficiently aligned to deem it virtually represented requires *more than* a showing of parallel

interests or use of the same attorney in both suits. Virtual representation demands the existence

of an express or implied legal relationship in which parties to the first suit are accountable to

nonparties who file a subsequent suit raising identical issues. *Matter of Talbott Big Foot, Inc.*,

887 F.2d 611, 614 n.4 (5th Cir.1989). Clearly, no such relationship existed between Ranger and

Martinez. Indeed, they were adverse and hostile parties in the underlying personal injury suit.

21.     The interests of Ranger were directly adverse to those of Martinez. They are

opposing parties in the underlying tort litigation. Moreover, the coverage facts overlap with the

liability facts. Further, to contest the issues of coverage would have required Ranger to expend

its resources for a result that would ultimately only encourage Martinez to pursue the underlying

suit. Under the Fifth Circuit's analysis of the circumstances necessary to virtually represent a

nonparty, the element of responsibility or accountability to persons such as Martinez is wholly

lacking. Ranger did not virtually represent the interests of Martinez with respect to the

Plaintiff's insurance policy and Martinez cannot, therefore, be bound by the judgment in which

Ranger failed to contest.

21.     The lack of accountability of Ranger to Martinez with respect to duty to

indemnify becomes especially apparent when consideration is given to the standard for the

determination of that duty under Texas law. The Texas courts hold that the duty to defend and

the duty to indemnify are separate and distinct duties that an insurer owes to its insured. *Trinity*

*Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821-22 (Tex.1997). While duty to defend is

determined from a review of the policy and the factual allegations in the underlying pleadings,

the duty to indemnify depends on whether the actual facts in the case establish liability covered under the policy. *Id.* Thus, generally, the duty to indemnify cannot be determined before the underlying suit is resolved if the issues concerning coverage are material to and to be decided in the underlying suit. Given that the issues of coverage and liability were both involved in the underlying personal injury suit and that Ranger and Martinez were adverse to each other, Ranger cannot be deemed to have had any responsibility to Martinez with respect to those issues in the First Coverage Suit.

**D.      DEFAULT INVALID AS TO MARTINEZ**

22.      The default judgment is not binding on Martinez, not only because he was not adequately or virtually represented in the First Coverage Suit, but also because the judgment in that suit is not valid as to the duty to indemnify. As noted above, when the facts that govern coverage are to be determined in the underlying liability suit, the duty to indemnify is not even justiciable until the question of the insured's liability has been resolved. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82-83 (Tex.1997). Because the underlying suit was ongoing when the judgment was rendered and remains ongoing at the present time, the duty to indemnify in this case was not justiciable when the Court rendered the default judgment in the First Coverage Suit. When the issues relating to coverage are to be resolved in the underlying suit, a court "is without authority to decide an insurer's duty to indemnify in the absence of a final judgment in the underlying tort action." *Central Sur. & Ins., Corp. v. Anderson*, 445 S.W.2d 514, 515 (Tex.1969); *Nationwide Property & Cas. Ins. Co. v. McFarland*, 887 S.W.2d 487, 491 (Tex.App.-Dallas 1994, writ denied).

23.     The default judgment was also invalid as to Martinez for the additional reason that Martinez was a party whose joinder was essential. As noted above, Ranger did not and could not virtually represent Martinez. And, with respect to whether there was a duty to indemnify, Martinez was an interested party because, in the event that Ranger is held liable for his damages, he becomes a judgment creditor and third-party beneficiary under the Wellington policy. In *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 684, 18 Fed.R.Serv.2d 233 (5th Cir. 1974), the Fifth Circuit held that the underlying tort claimants are indispensable parties under Rule 19(b) in these types of situations. The Court affirmed the dismissal of the insurer's declaratory action for failure to join the claimants. The Court concluded that the failure to include these parties would either adversely affect their rights in connection with coverage for their claims or would not finally resolve the coverage dispute. *Id.* at 684.

24.     In light of this holding, it was impossible for the Court in the First Coverage Suit to render a valid judgment that concluded the rights of Martinez without him being joined as a party. Fed. R. Civ. P. 19(1)(B). Indeed, for the judgment in the First Coverage Suit to bind or impair his interests in the policy, it was essential that he be made a party to that action. Ranger Ins. Co., 488 F.2d at 684; *see also MasterCard Int'l v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 387 (2nd Cir. 2006). Because he was not, the default judgment is invalid as to him and cannot form the basis of a claim of issue preclusion.

25.     In addition, Plaintiff acknowledges that the judgment in the First Coverage Suit was entered before the pleadings in the underlying suit were amended. (Complaint for Declaratory Relief at 3). Thus, Ranger's default in the First Coverage Suit does not control

questions of duty to defend or the question of duty to indemnify if any liability should be imposed on Ranger in the underlying liability suit.

## E.     CONCLUSION

26.     For all of the reasons set forth, Plaintiff's complaint to the extent that it rests on the claim of collateral estoppel or issue preclusion should be dismissed for failure to state a claim for which relief may be granted.

## III.
## ORIGINAL ANSWER

Defendant Alejandro Martinez ("Martinez"), appearing by and through undersigned counsel, subject to and without in any way waiving the preceding Motions to Dismiss, files this his Original Answer.  In answer to the allegations in Plaintiff's Complaint for Declaratory Judgment (the "Complaint"), Defendant respectfully answers as follows:

## A.     ANSWER TO SECTION 1 OF COMPLAINT

27.     Defendant Martinez denies that Plaintiff Wellington has no duty to indemnify Ranger under a policy of liability insurance issued by plaintiff to Ranger, against the claims raised by Alejandro Martinez ("Martinez") in a case bearing Cause No. 07-03034 and styled *Alejandro Martinez v. James Ling d/b/a Ranger Enterprises, et al*, in the 298th Judicial District Court of Dallas County, Texas ("Underlying Suit" hereinafter).

28.     Defendant Martinez admits that a default judgment was entered by the Honorable Sam Lindsay in the case styled *Wellington Specialty Insurance Company v. James Ling d/b/a Ranger Enterprises*, Civil Action Number 3:07-CV-0814-L in the Unites States District Court, Northern District, Dallas Division ("First Coverage Suit" hereinafter) purporting to determine

both duty to defend and duty to indemnify Ranger but denies that such judgment was valid or effective for any purpose.

29.     Defendant Martinez denies that a true and correct copy of the Judgment in the First Coverage Suit was attached as Exhibit A to the Complaint for Declaratory Relief.

30.     Except otherwise stated, Defendant Martinez denies each and every allegation of section 1 of Plaintiff's Complaint for Declaratory Relief.

**B.     ANSWER TO SECTION 2 OF COMPLAINT**

31.     Defendant Martinez lacks sufficient information to either admit or deny the allegation that "Plaintiff Wellington Insurance Company is a citizen of the state of Arizona, having its principal place of business there and having been incorporated in the state of Delaware" or the allegation that Plaintiff "is an insurance company authorized to conduct business in the State of Texas."

32.     Defendant Martinez admits that James Ling d/b/a Ranger Enterprises is an individual citizen and resident of the State of Texas that may be served with process by personal service upon James Ling at 264 Crepe Myrtle Drive, Bastrop, Texas 78602.

33.     Defendant Martinez admits that he domiciled in Dallas County, Texas, but denies that he may be lawfully and validly served with process at any location where he may be found.

34.     Except otherwise stated, Defendant Martinez denies each and every allegation of section 2 of Plaintiff's Complaint for Declaratory Relief.

**C.     ANSWER TO SECTION 3 OF COMPLAINT**

35.     Defendant Martinez admits that he is not a citizen or resident of the State of Deleware, but lacks sufficient information to either admit or deny the remaining allegations in section 3 of Plaintiff's Complaint for Declaratory Relief.

**D.      ANSWER TO SECTION 4 OF COMPLAINT**

37.     Defendant Martinez admits that the original petition filed in the Underlying Suit alleged as follows:

> On or about March 3, 2006, he was an employee of Defendant Jose Luis Garcia d/b/a J.I. Framing, who was a sub-contractor of Defendant James Ling d/b/a Ranger Enterprises. Pursuant to his employment, Plaintiff was working on the premises, owned by, RAJ Patel d/b/a North Texas Hotel Group, Inc. located at 1715 N. I-35, Gainesville, Texas, where a Comfort Inn Motel/Suites was being constructed, on or about said date. While working on the roof of that motel on or about March 3, 2006, Plaintiff sustained serious, painful, and disabling injuries in the course and scope of his employment when he fell over five stories from that roof and hit his head on concrete. Prior to this accident, other employees had been given fall protection, and Plaintiff's supervisors and agents of Defendants had told him to work on that roof, even though it was unreasonably dangerous and had been rendered an unreasonably dangerous workplace due to lack of fall protection, including but not limited to a safety harness, toe boards, safety rails, safety netting, and hard hats. Additionally, Defendants permitted Plaintiff and others to work on said premises even though they were unreasonably cluttered with cull lumber and other various debris, which further posed an unreasonable degree of danger.
>
> Plaintiff required immediate, emergency attention for his injuries sustained in this fall, including being air lifted to the hospital, and these injuries have permanently disabled Plaintiff. Plaintiff had exhausted his administrative remedies.

38.     Defendant Martinez lacks sufficient information either to admit or deny whether Ranger requested that Wellington defended it against these claims or whether Wellington agreed to do so subject to a reservation of rights.

39.     Defendant Martinez admits that a judgment was entered by the Honorable Sam Lindsay in the ease styled *Wellington Specialty Insurance Company v. James Ling d/b/a Ranger Enterprises*, Civil Aetion Number 3:07-CV-0814-L in the Unites States Distriet Court, Northern Distriet, Dallas Division ("First Coverage Suit" hereinafter) purporting to determine both duty to defend and duty to indemnify Ranger, but denies that sueh judgment was valid or effeetive for any purpose.

40.     Defendant Martinez admits that his petition in the Underlying Suit was amended but denies the allegation that it was amended in attempt to avoid the purported effeet of this Court's judgment, or to attempt to create for Wellington a duty to defend Ranger where there is none.

47.     Defendant Martinez admits that the first amended original petition filed in the Underlying Suit alleges as follows:

> Plaintiff would respeetfully show this Court that on or about March 3, 2006, he was an independent contraetor working under the supervision and control of Defendant Jose Luis Gareia d/b/a J.l. Framing, who was a sub-eontractor of Defendant James Ling d/b/a Ranger Enterprises ('Ranger"). Plaintiff was not an employee, independent contractor or temporary worker of Ranger.
>
> Pursuant to his employment, Plaintiff was working on the premises, owned by RAJ Patel d/b/a North Texas Hotel Group, Ine., loeated at 1715 N. I-35, Gainesville, Texas, where a Comfort Inn Motel/Suites was being constructed. While working on the roof of that motel on or about March 3, 2006, Plaintiff sustained serious, painful, and disabling injuries in the course and scope of his employment when he fell over five stories from that roof and hit his head on concrete. Defendant Garcia had Plaintiff and others work on that roof, even though it was unreasonably dangerous and had been rendered an unreasonably dangerous workplace due to lack of fall protection, including but not limited to a safety harness, guardrails, safety rails, safety netting, and other fall protection measures.

> Plaintiff required immediate, emergency attention for these injuries sustained in this fall, including being air lifted to the hospital, and these injuries have permanently disabled Plaintiff. Plaintiff had exhausted his administrative remedies.

48. Defendant Martinez admits that the amended petition in the Underlying Suit alleged causes of action for negligence, negligence per se, gross negligence, and malicious conduct.

49. Defendant Martinez denies that none of the damages in the Underlying Suit are covered under the Wellington Policy.

50. Except otherwise stated, Defendant Martinez denies each and every allegation of section 4 of Plaintiff's Complaint for Declaratory Relief.

## E. ANSWER TO SECTION 5 OF COMPLAINT

51. Defendant Martinez denies the allegation that the policy of insurance issued by Wellington Specialty Insurance Company provides no coverage and denies the allegation that Wellington Specialty Insurance Company had no duty to defend or indemnify Ranger against these claims.

52. Defendant Martinez admits that Wellington is a liability insurer.

53. Defendant Martinez admits that Wellington issued a policy of general liability insurance bearing policy number 4200900008 with effective dates of November 8, 2005- November 8, 2006, to Ranger.

54. Defendant Martinez denies that the Policy of insurance provides no coverage for Ranger for any of the causes of action alleged by Defendant Martinez against Ranger.

55.     Except otherwise stated, Defendant Martinez denies each and every allegation of

section 5 of Plaintiff's Complaint for Declaratory Relief.

## F.     ANSWER TO SECTION 6 OF COMPLAINT

56.     Defendant Martinez admits that the Wellington policy provides in pertinent part,

by endorsement, as follows:

### CONTRACTORS COVERAGE LIMITATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY
COVERAGE FORM

A.     SECTION I - COVERAGES, COVERAGE A BODILY INJURY
AND PROPERTY DAMAGE LIABILITY , 2. Exclusions, e, is
deleted and replaced as follows:

This insurance does not apply to:

#### e. Employer's Liability

"Bodily injury" to"

(1)     An "employee", "temporary worker", or independent
contractor of any insured arising out of and in the course
of:

(a)     Employment by any insured; or

(b)     Performing duties related to the conduct of any
insured's business; or insured's business; or

. . . .

This exclusion applies:

(1)     Whether an insured may be liable as an employer or
in any other capacity;

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

(3) To any liability assumed under any contract or agreement.

B. **SECTION V. – DEFINITIONS,** subparagraph 19, is deleted and replaced with the following:

19. "Temporary worker" means and person who is"

a. furnished to you to substitute for a permanent "employee";

b. a short-term worker; or

c. not an "employee" or "volunteer worker".

**All other Terms and Conditions of this Policy remain unchanged.**

57. Defendant Martinez admits that the Wellington policy provides in pertinent part as follows with respect to the definition of "employee":

SECTION **V** – DEFINITIONS

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

58. Defendant Martinez denies the allegation that, as a contractor of a contractor of Ranger, Defendant Martinez is a person who qualifies as an "independent contractor" or "temporary worker" as that term is defined in the Policy.

59. Defendant Martinez denies that he attempted to create a duty to defend where there was none.

60.     Defendant Martinez denies that Ranger has no coverage under the policy and that Wellington had no duty to defend or indemnify Ranger against his claims.

61.     Except otherwise stated, Defendant Martinez denies each and every allegation of section 6 of Plaintiff's Complaint for Declaratory Relief.

## G.     **ANSWER TO SECTION 7 OF COMPLAINT**

62.     Defendant Martinez denies that Ranger is bound under the doctrine of *res judicata* by the Judgment entered in the First Coverage Case being styled *Wellington Specialty Insurance Company v. James Ling d/b/a Ranger Enterprises*, Civil Action Number 3:07-CV-0814-L in the Unites States District Court, Northern District, Dallas Division.

62.     Except otherwise stated, Defendant Martinez denies each and every allegation of section 7 of Plaintiff's Complaint for Declaratory Relief.

## H.     **ANSWER TO SECTION 8 OF COMPLAINT**

63.     Defendant Martinez denies that he is bound by the Judgment entered in the First Coverage Suit under the doctrine of collateral estoppel.

64.     Defendant Martinez denies that he and Ranger were or are in privity and denies that Ranger in any way virtually represented his interests in the First Coverage Suit.

65.     Except otherwise stated, Defendant Martinez denies each and every allegation of section 8 of Plaintiff's Complaint for Declaratory Relief.

## I.     **ANSWER TO SECTION 9 OF COMPLAINT**

66.     Defendant Martinez denies that Wellington may effectively reserve the right to amend as necessary to add to this action additional claims that may made against Defendants.

67. Except otherwise stated, Defendant Martinez denies each and every allegation of section 9 of Plaintiff's Complaint for Declaratory Relief.

68. Defendant Martinez denies that Wellington Specialty Insurance Company is entitled to any of the relief contained in its request for relief.

## J. AFFIRMATIVE DEFENSES

The following affirmative defenses nullify, in whole or in part, any potential right of recovery by Plaintiff:

### First Affirmative Defense

69. The present suit of Wellington is premature because a necessary condition precedent has not yet occurred to authorize the determination of whether Plaintiff has a duty to indemnify Defendant Martinez; to wit, there has been no determination of the actual facts in the Underlying Suit between Defendant Ranger and Defendant Martinez and such determinations in whole or in part govern the question of whether Plaintiff had a duty to indemnify under the facts of this case.

### Second Affirmative Defense

70. Defendant Martinez denies that the Court in the First Coverage Suit had jurisdiction to determine duty to indemnity for reasons including but not limited to that:

> a. this question was not yet ripe for determination and, thus, presented no case or controversy that the Court was authorized to resolve because the determination of the duty to indemnify with respect to the Underlying Suit depends in whole or in part on facts that will be resolved in the Underlying Suit; and
>
> b. because Defendant Martinez was a necessary and indispensable party to such a determination and such determination could not be made in his absence.

## PRAYER

**WHEREFORE**, Defendant Martinez prays for judgment as follows:

a.   Plaintiff take nothing by its complaint.

b.   Plaintiff's complaint be dismissed with prejudice.

c.   Defendant be awarded its reasonable attorney's fees and expenses.

d.   Defendant be awarded its costs.

e.   Defendant be granted such other and further relief to which it may show

itself entitled.

Respectfully submitted,

**MILLER CURTIS & WEISBROD, LLP**
11551 Forest Central Drive
Forest Central II, Suite 300
P. O. Box 821329 (75382)
Dallas, Texas 75231
(214) 987-0005
(214) 987-2545 Facsimile

By: _____

**CLAY MILLER**
State Bar No. 00791266

AND

Domingo A. Garcia, Esq.
**LAW OFFICE OF DOMINGO A. GARCIA, P.C.**
Bank of America Building
400 S. Zang, Suite 600
Dallas, Texas 75208
(214) 941-8300
(214) 943-7536

ATTORNEYS FOR DEFENDANT
ALEJANDRO MARTINEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was was served upon the following attorneys of record on this, the 2ⁿᵈ day of June, 2008 to:

John C. Tollefson, Esq.
Stephen A. Melendi, Esq.
Tollefson, Bradley, Ball & Mitchell, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204

HAND DELIVERY_____
CERTIFIED MAIL__✓__
FACSIMILE_____
FIRST CLASS MAIL_____

CLAY MILLER