IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WELLINGTON SPECIALTY INSURANCE COMPANY**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:08-CV-738-L** |
| **JAMES LING d/b/a RANGER ENTERPRISES and ALEJANDRO MARTINEZ**, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Alejandro Martinez'[s] Motion to Dismiss Action Seeking Declaratory Judgment on the Issue of the Duty to Indemnify and Motion to Dismiss Declaratory Judgment Action Based on the Doctrine of Collateral Estoppel for Failure to State a Claim for Which Relief May be Granted, filed June 2, 2008. After careful consideration of the motions, briefs, response, record, and applicable law, the court **denies** Defendant Alejandro Martinez'[s] Motion to Dismiss Action Seeking Declaratory Judgment on the Issue of the Duty to Indemnify and **grants** Defendant Alejandro Martinez'[s] Motion to Dismiss Declaratory Judgment Action Based on the Doctrine of Collateral Estoppel for Failure to State a Claim for Which Relief May be Granted.

### I. Procedural and Factual Background

This case arises from an insurance coverage dispute. Wellington Specialty Insurance Company ("Wellington" or "Plaintiff") issued a general liability insurance policy to James Ling d/b/a Ranger Enterprises ("Ranger"). Alejandro Martinez ("Mr. Martinez") sued Ranger in Texas state court for injuries sustained while working at a hotel construction site as an employee of

Ranger's subcontractor. Wellington brought a declaratory judgment action in federal court, *Wellington Specialty Ins. Co. v. Ling*, Civil Action No. 3:07-CV-0814-L, to determine its duty to defend and indemnify Ranger. Ranger failed to appear, and on August 31, 2007, the court entered a default judgment that Wellington owed no duty to defend or indemnify Ranger in the lawsuit filed by Mr. Martinez, bearing Cause No. 07-03034 and styled *Alejandro Martinez v. James Ling d/b/a Ranger Enterprises, et al.*, in the 298th Judicial District Court of Dallas County, Texas. Mr. Martinez then amended his state court petition to change his status from an *employee* of Ranger's subcontractor to an *independent contractor* working under the control and supervision of Ranger's subcontractor. On April 28, 2008, Wellington filed this action seeking a declaratory judgment to determine whether it has a duty to defend and indemnify Ranger against claims raised by Mr. Martinez in his amended petition.

On June 2, 2008, Mr. Martinez filed a motion to dismiss in which he contends that the court lacks subject matter jurisdiction over the declaratory judgment claim regarding indemnification and that Wellington fails to state a claim for collateral estoppel upon which relief may be granted. Wellington contends that the court has subject matter jurisdiction and that the complaint adequately states a claim for which relief can be granted for collateral estoppel.

### II. Subject Matter Jurisdiction

#### A. Standard for Rule 12(b)(1)-Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**B.    Discussion**

In support of his motion to dismiss, Mr. Martinez contends that the court lacks jurisdiction over Plaintiff's claims to the extent that it seeks a declaratory judgment on its duty to indemnify

prior to the rendition of a judgment in the underlying personal injury action that imposes liability on Ranger. According to Mr. Martinez, when as here, "the facts that govern coverage are to be determined in the underlying liability suit, the duty to indemnify is not justiciable until the question of the insured's liability has been resolved," and the court lacks jurisdiction to hear the claim. Mot. to Dismiss 2, ¶3 (citation omitted). Wellington counters that its duty to indemnify claim is justiciable. According to Wellington, its complaint reflects that it has no duty to defend based on the allegations in the live pleading in the underlying suit and the policy language. Wellington argues that when there is no duty to defend, the court has jurisdiction to determine whether there is a duty to indemnify.

Under Texas law, an insurer has two separate and distinct duties. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821-22 (Tex. 1997).* The first is the duty to defend. The second is the duty to indemnify. "The duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in the original). To determine an insurer's duty to defend, the court looks only to the factual allegations in the pleadings and the policy language. *Id.* at 82.

Wellington alleges in its complaint that it has no duty to defend Ranger against the allegations of Mr. Martinez in the liability suit because the live pleading in that suit reflects that Mr. Martinez is an "independent contractor" or "temporary worker" as defined by the policy and is

---

*Because the court's jurisdiction over this case is based upon diversity of citizenship and an amount in controversy in excess of $75,000 rather than upon federal question jurisdiction, state law governs this case. *See Erie R.R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938). Therefore, the court analyzes Wellington's declaratory judgment claim using Texas law.

**Memorandum Opinion and Order - Page 4**

therefore excluded from coverage. For purposes of this motion, the court must accept these factual allegations of the complaint as true. Accepting Wellington's allegations as true, it has no duty to defend. If there is no duty to defend because Mr. Martinez is excluded from coverage, the same exclusion would bar indemnification. Therefore, the same reasons that negate the duty to defend likewise negate any possibility that Wellington will ever have a duty to indemnify, and Wellington's duty to indemnify claim is justiciable. Accordingly, the court has subject matter jurisdiction over Wellington's duty to indemnify claim, and Mr. Martinez is not entitled to dismissal of this claim.

### III. Failure to State a Claim for Which Relief Can Be Granted

#### A. Standard for Rule 12(b)(6)-Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Discussion

Mr. Martinez contends that Wellington may not rely on the judgment entered in the prior federal case for collateral effect because its collateral estoppel allegations fail to establish each element of collateral estoppel. Wellington counters that its complaint reflects that Ranger and Mr. Martinez are in privity because of their unity of interest with respect to the coverage determination and that these allegations are sufficient to defeat Mr. Martinez's motion. The court disagrees.

A federal court applies federal law to determine the preclusive effect of a federal judgment in federal court. *Duffy & McGovern Accommodation Services v. QCI*, 448 F.3d 825, 829 n.16 (5th

**Memorandum Opinion and Order - Page 6**

Cir. 2006). A party seeking to assert collateral estoppel under federal law must show the following: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir.), *cert. denied sub nom. Louisiana State Bd. of Elem. and Sec. Educ. v. Pace*, 546 U.S. 933 (2005).

Wellington bases its collateral estoppel argument on the court's previous entry of default judgment against Ranger. That judgment, however, was based on different factual allegations because the state court petition has since been amended and superseded. With the amendment, Mr. Martinez changed his status from an *employee* of Ranger's subcontractor to an *independent contractor* working under the control and supervision of Ranger's subcontractor. Previously, the issue before the court was whether Wellington had a duty to defend and indemnify Ranger against allegations that Mr. Martinez sustained injuries as an *employee* of Ranger's subcontractor. The issue now before the court is whether Wellington has a duty to defend and indemnify Ranger against allegations that Mr. Martinez sustained injuries as an *independent contractor* working under the control and supervision of Ranger's subcontractor. This issue is not identical to the issue previously before the court. Therefore, Wellington is unable to establish the first element of collateral estoppel. Because Wellington failed to establish the first element of collateral estoppel, the court does not reach the remaining elements. Wellington has not established each element of collateral estoppel; therefore, Wellington's collateral estoppel allegations fail to establish each element of collateral estoppel. Accordingly, Wellington may not rely on the judgment entered in the prior federal case for collateral effect against Mr. Martinez.

In the alternative, Wellington requests that the court convert Mr. Martinez's motion to dismiss the collateral estoppel claim to a motion for summary judgment and give it ninety days to

**Memorandum Opinion and Order - Page 7**

respond and conduct discovery on the unity of interest between Mr. Martinez and Ranger. The court denies this request. As previously stated, because Wellington has failed to establish the first element of collateral estoppel, the court does not reach the remaining elements. Therefore, there is no need to conduct discovery and respond to Mr. Martinez's arguments regarding privity of Mr. Martinez and Ranger because such discovery is related only to the third collateral estoppel element.

## IV. Conclusion

For the reasons herein stated, the court determines that it has subject matter in this case. Accordingly, the court **denies** Defendant Alejandro Martinez'[s] Motion to Dismiss Action Seeking Declaratory Judgment on the Issue of the Duty to Indemnify. The court also determines that Wellington has not established each element of collateral estoppel. Accordingly, the court **grants** Defendant Alejandro Martinez'[s] Motion to Dismiss Declaratory Judgment Action Based on the Doctrine of Collateral Estoppel for Failure to State a Claim for Which Relief May be Granted, and Wellington may not rely on the doctrine of collateral estoppel to assert that Mr. Martinez is bound by the judgment entered in the prior federal case. The court also **denies** Wellington's request to convert Defendant Alejandro Martinez'[s] Motion to Dismiss Declaratory Judgment Action Based on the Doctrine of Collateral Estoppel for Failure to State a Claim for Which Relief May be Granted to one for summary judgment.

**It is so ordered** this 3rd day of March, 2009.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge