IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WELLINGTON SPECIALTY** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-738-L** |
| | § | |
| **JAMES LING d/b/a RANGER** | § | |
| **ENTERPRISES and ALEJANDRO** | § | |
| **MARTINEZ**, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Wellington Specialty Insurance Company's Motion for Summary Judgment, filed March 3, 2009. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **denies** Wellington Specialty Insurance Company's Motion for Summary Judgment as to its claim for a declaratory judgment regarding its duty to defend and **dismisses without prejudice** Wellington's claim for a declaratory judgment regarding its duty to indemnify.

## I.      Procedural and Factual Background

This case arises from an insurance coverage dispute. Wellington Specialty Insurance Company ("Wellington" or "Plaintiff") issued a general liability insurance policy to James Ling d/b/a Ranger Enterprises ("Ranger"). Alejandro Martinez ("Mr. Martinez") sued Ranger in Texas state court for injuries sustained while working at a hotel construction site as an employee of Jose Luis Garcia d/b/a J.J. Framing, Ranger's subcontractor. Wellington brought a declaratory judgment action in federal court, *Wellington Specialty Ins. Co. v. Ling*, Civil Action No. 3:07-CV-0814-L, to

determine its duty to defend and indemnify Ranger.  Ranger failed to appear, and on August 31, 2007, the court entered a default judgment that Wellington owed no duty to defend or indemnify Ranger in the lawsuit filed by Mr. Martinez, bearing Cause No. 07-03034 and styled *Alejandro Martinez v. James Ling d/b/a Ranger Enterprises, et al.*, in the 298th Judicial District Court of Dallas County, Texas.  Mr. Martinez then amended his state court petition to change his status from an *employee* of Ranger's subcontractor to an *independent contractor* working under the control and supervision of Ranger's subcontractor.  On April 28, 2008, Wellington filed this action seeking a declaratory judgment to determine whether it has a duty to defend and indemnify Ranger against claims raised by Mr. Martinez in his amended petition.

On June 2, 2008, Mr. Martinez filed a motion to dismiss in which he contended that the court lacks subject matter jurisdiction over the declaratory judgment claim regarding indemnification and that Wellington failed to state a claim for collateral estoppel upon which relief may be granted.  The court determined that it had subject matter in this case and denied Defendant Alejandro Martinez'[s] Motion to Dismiss Action Seeking Declaratory Judgment on the Issue of the Duty to Indemnify. The court also determined that Wellington had not established each element of collateral estoppel and  granted Defendant Alejandro Martinez'[s] Motion to Dismiss Declaratory Judgment Action Based on the Doctrine of Collateral Estoppel for Failure to State a Claim for Which Relief May be Granted.  Therefore, Wellington cannot rely on the doctrine of collateral estoppel to assert that Mr. Martinez is bound by the judgment entered in the prior federal case.

On March 3, 2009, Wellington moved for summary judgment.  It contends that because the injuries sustained by Mr. Martinez arose out of his employment with Ranger, the Employer's Liability Exclusion applies, and there is no coverage under its general liability insurance policy.

**Memorandum Opinion and Order - Page 2**

Wellington also contends that there is no duty to indemnify because there is no duty to defend.  Mr. Martinez responds that based on the plain language of the Employer's Liability Exclusion, the exclusion does not apply to his injury.  He also contends that Wellington's duty to indemnify is not ripe for determination because no discovery regarding his employment status with Ranger has occurred in the underlying case.  Ranger did not file a response, and neither Ranger nor Mr. Martinez filed a counterclaim or moved for summary judgment on Wellington's claims.

## II.     Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine fact issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id.*  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

**III.     Discussion**

**A.     Wellington's Duty to Defend**

Wellington contends that because the injuries sustained by Mr. Martinez arose out of his employment with Ranger, the Employer's Liability Exclusion applies, and there is no coverage under the general liability insurance policy for Ranger's claim arising from Mr. Martinez's injuries. Mr. Martinez responds that based on the plain language of the Employer's Liability Exclusion, the exclusion does not apply to his injuries.

Under Texas law, an insurer has two separate and distinct duties. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821-22 (Tex. 1997).[1]  The first is the duty to defend.  The second is the duty to indemnify.  The duty to defend is broader than the duty to indemnify.  *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). Therefore, an insurer may have a duty to defend and ultimately have no duty to indemnify.  *Id.*

To determine an insurer's duty to defend, the court looks only to the factual allegations in the pleadings and the provisions of the policy.  *Id.* at 491.  This is known as the "eight corners" rule or the "complaint-allegation" rule.  *Id.*  When applying the eight corners rule, if the pleadings allege facts within the scope of coverage, an insurer must defend the suit against its insured.  *Id.* at 490. The factual allegations in the pleadings are considered without regard to their truth or falsity. *Id.* at 491.  Therefore, "even if the allegations are groundless, false, or fraudulent the insurer is obligated to defend."  *Id.*

Wellington contends that Mr. Martinez's injuries fall within the scope of the Employer's Liability Exclusion.  The  Employer's Liability Exclusion, excludes coverage for the following:

> "Bodily injury" to:

---

[1]Because the court's jurisdiction over this case is based upon diversity of citizenship and an amount in controversy in excess of $75,000 rather than upon federal question jurisdiction, state law governs this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Therefore, the court analyzes Wellington's declaratory judgment claim using Texas law.

> (1)     An "employee,"[2] "temporary worker,"[3] independent
>         contractor of any insured or employee of any
>         independent contractor arising out of and in the
>         course of:
>         (a) Employment by any insured; or
>         (b) Performing duties related to the conduct of any
>             insured's business; or
>         (c) Arising out of the injured party's employ-
>             ment . . . .

Wellington Mot. Summ. J., App. 19.  There is no dispute that Mr. Martinez suffered "bodily injury" as defined by the policy.  The parties disagree whether Mr. Martinez's employment status excludes him from coverage under the policy.  Based upon the text of the Employer's Liability Exclusion and the relevant definitions, the court determines that coverage for bodily injury to the following categories of persons is excluded:

1.     An employee of an insured,[4] if the bodily injury arises out of and in the course of employment by any insured, arises out of and in the course of performing duties related to the conduct of any insured's business, or arises out of the injured party's employment;

2.     A person furnished to Ranger to substitute for a permanent employee, if the bodily injury arises out of and in the course of employment by any insured; arises out of and

---

[2]The term "employee" includes a "leased worker," but does not include a "temporary worker." Wellington Mot. Summ. J., App. 42.  The term "leased worker" "means a person leased to [the Named Insured] by a labor leasing firm under an agreement between [the Named Insured] and the labor leasing firm, to perform duties related to the conduct of [the Named Insured's] business.  'Leased worker' does not include a 'temporary worker.'"  *Id.* at 43.

[3]The term "temporary worker" is defined as any person who is "furnished to [the Named Insured] to substitute for a permanent 'employee'; a short-term worker; or not an 'employee' or 'volunteer worker.'"  *Id.* at 19.

[4]Ranger is designated as an individual on the declarations page of the commercial general liability policy.  Therefore, the term "insured" means James Ling and his spouse are insureds, "but only with respect to the conduct of a business of which [James Ling is] the sole owner."  *Id.* at 38.

**Memorandum Opinion and Order - Page 6**

in the course of performing duties related to the conduct of any insured's business; or arises out of the injured party's employment;

3.      A short-term worker, if the bodily injury arises out of and in the course of employment by any insured; arises out of and in the course of performing duties related to the conduct of any insured's business; or arises out of the injured party's employment;

4.      A person who is neither an employee nor volunteer worker, if the bodily injury arises out of and in the course of employment by any insured; arises out of and in the course of performing duties related to the conduct of any insured's business; or arises out of the injured party's employment;

5.      An independent contractor of any insured, if the bodily injury arises out of and in the course of employment by any insured; arises out of and in the course of performing duties related to the conduct of any insured's business; or arises out of the injured party's employment; and

6.      An employee of any independent contractor, if the bodily injury arises out of and in the course of employment by any insured; arises out of and in the course of performing duties related to the conduct of any insured's business; or arises out of the injured party's employment.

Mr. Martinez's Second Amended Original Petition, the live pleading[5] in the underlying case, alleges the following facts:

> Plaintiff would respectfully show this Court that on or about March 3, 2006, he was an independent contractor hired by and working for Defendant Jose Luis Garcia d/b/a J.J. Framing ("Garcia").  Plaintiff was not an **employee**, **short·term** *employee*, **temporary** *employee* or a **worker furnished in any fashion to Defendant James Ling d/b/a Ranger Enterprises ("Ranger") as a substitute for a permanent employee** of Defendant Ranger.  Plaintiff was **not temporarily** *employed* or used by Defendant Ranger to meet seasonal needs or to satisfy short-term workload conditions.  Defendant Garcia was in the business of framing; it was not in the business of leasing or supplying temporary workers or providing workers for temporary employment, and it did not do so on the occasion in question.  Thus, Defendant Garcia did not furnish or provide Plaintiff in any fashion to Defendant Ranger, nor did anyone else for that matter.  Defendant Garcia was a sub-contractor of Defendant Ranger.  Defendant Garcia was an independent contractor of Defendant Ranger.

Wellington Mot. Summ. J., App. 65-66 (emphasis added).  The court considers these factual allegations without regard to their truth or falsity.

Wellington contends that Mr. Martinez alleges that he was an independent contractor.  It argues that whether Mr. Martinez is deemed to be an employee or independent contractor, coverage

---

[5] Wellington contends that Mr. Martinez's amendments to his petition are "a patently fraudulent attempt to trigger the duty to defend" because of the timing of the amendments and because the last amendment "contains language taken directly from the Wellington policy with specific reference to Martinez's employment relationship with Ranger."  Wellington Mot. Summ. J. 11-12.  Whether the amendments were a "fraudulent attempt to trigger the duty to defend," however, is quite beside the point.  Under the eight corners rule, Wellington is obligated to defend "even if the allegations are groundless, false, or *fraudulent*," and the allegations "are considered without regard to their truth or falsity." *Zurich*, 268 S.W.3d at 491.

Moreover, because the Second Amended Petition alleges sufficient facts to determine whether those facts, if true, are covered under the policy, the court cannot look outside of the pleadings.  *See Western Heritage Ins. Co. v. River Entm't* , 998 F.2d 311, 315 (considering extraneous evidence because impossible to determine from pleadings why someone was "impaired").  Therefore, in making its determination regarding Wellington's duty to defend, the court looks only to the live pleadings in the underlying case (the Second Amended Petition) and the policy's provisions.

**Memorandum Opinion and Order - Page 8**

is excluded.  This argument, however, contradicts the language of the exclusion.  The two relevant portions of the Employer's Liability Exclusion preclude coverage only for (i) independent contractors of James Ling and his wife and (ii) employees of any independent contractor.  Therefore, coverage for *all* independent contractors is not excluded.   Only coverage for  independent contractors of James Ling or his wife and the employees of any such independent contractor is excluded. Mr. Martinez alleges that he was an independent contractor of *Jose Luis Garcia d/b/a J.J. Framing*, Ranger's subcontractor.  Therefore, Mr. Martinez was not an independent contractor of James Ling or his wife.  Because Mr. Martinez alleges that he was an *independent contractor* of Jose Luis Garcia d/b/a J.J. Framing, he is not an *employee* of an independent contractor–he is the independent contractor of an independent contractor.  Accordingly, the court determines that the Employer's Liability Exclusion does not apply, and Wellington is not entitled to a declaratory judgment that it has no duty to defend.

Wellington's reliance on *Essex Ins. Co. v. Bickford & Sons, L.P.*, No. H-06-2924, 2007 WL 2903850 (S.D. Tex. Oct. 2, 2007), does not alter the court's determination.  In *Essex*, a homebuilder subcontracted Bickford and Sons, L.P. ("Bickford") to do framing work.  Essex Insurance Company ("Essex") issued a commercial general liability policy to Bickford.  A worker who was either an employee or independent contractor of Bickford's subcontractor died as a result of injuries he sustained on the job site.   The worker's parents sued the homebuilder, Bickford, and the subcontractor.  Essex contended that it had no duty to defend Bickford because there was no coverage for the claim upon which the underlying lawsuit was based.  The policy language at issue stated that coverage did not apply to "liability for Bodily Injury to an employee of any insured arising out of and in the course of employment or while performing duties related to the conduct of

the insured's business." *Id.* at \*4 (quotation and footnote omitted).  It also stated that the policy

excluded coverage for "bodily injury sustained by any contractor, self-employed contractor, and/or

subcontractor, or any employee, leased worker, temporary worker or volunteer help of same." *Id.*

Based on this language, the court determined that whether the worker was employed by Bickford

or employed as a contractor or subcontractor, "the insurance policy language excludes 'bodily

injury' from the spectrum of coverage." *Id.*  In *Essex*, coverage was excluded for *any* contractor,

self-employed contractor, or subcontractor.  Under Wellington's policy, coverage is excluded only

for independent contractors of James Ling and his wife and for employees of any independent

contractor.  Despite Wellington's assertions to the contrary, the language of its exclusion is not as

broad as the language in *Essex*.  Therefore, *Essex* offers no assistance to Wellington.  The

Employer's Liability Exclusion does not apply, and Wellington is not entitled to a declaratory

judgment that it has no duty to defend.

　　　　Wellington also contends that there is no coverage under its policy for Mr. Martinez's

injuries because the injuries "arose out of" Mr. Martinez's employment.  The court disagrees.  To

reiterate, the Employer's Liability Exclusion, excludes coverage for the following:

> "Bodily injury" to:
> (1)　　An "employee," "temporary worker," independent
> contractor of any insured or employee of any
> independent contractor arising out of and in the
> course of:
> (a) Employment by any insured; or
> (b) Performing duties related to the conduct of any
>      insured's business; or
> (c) Arising out of the injured party's employ-
>      ment . . . .

Wellington Mot. Summ. J., App. 19.  Therefore, unless a worker is an employee, temporary worker,

independent contractor of an insured, or an employee of an independent contractor, the "arising out

of" language does not apply.  As Wellington argues only that Mr. Martinez was an independent contractor, it has waived any argument as to whether Mr. Martinez was an employee or temporary worker.  Accordingly, the court does not address the applicability of those provisions to Mr. Martinez.  *See For Kids Only Dev. Ctr., Inc. v. Philadelphia Indem. Ins. Co.*, 260 S.W.3d 652, 655 (Tex. App.–Dallas 2008, pet. denied) (insurer bears burden of proof to show exclusion applies). Although Wellington argued that Mr. Martinez was an independent contractor and was therefore excluded from coverage, the court determined that the policy language did not exclude coverage for independent contractors of independent contractors.  Accordingly, the "arising out of" language does not apply, and Wellington is not entitled to a declaratory judgment that it has no duty to defend.

### B.     Court's *Sua Sponte* Motion

The court concluded that the Employer's Liability Exclusion does not apply and that Wellington is not entitled to a declaratory judgment that it has no duty to defend.  Granting summary judgment in favor of Wellington on this claim, therefore, is inappropriate.  Ranger and Mr. Martinez, however, did not move for summary judgment on this claim.  Therefore, the court *sua sponte* moves for summary judgment on Wellington's declaratory judgment claim regarding its duty to defend. The court does not believe that there is any basis for Wellington to recover, and therefore there is no reason to unnecessarily expend judicial resources trying this claim.  Because the court raises this issue *sua sponte*, it is required under the applicable law to allow Wellington at least ten days to respond to its motion and present any additional evidence it may have in opposition to summary judgment.  *Lozano v Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007) (citation omitted). Wellington is therefore **directed** to file a response by **12:00 p.m.** on **July 31, 2009**, and state why

summary judgment should not be granted on this claim on behalf of Ranger and Mr. Martinez. Ranger and Mr. Martinez are not to file a reply unless so ordered by the court.

### C.    Wellington's Duty to Indemnify

Wellington contends that there is no duty to indemnify because there is no duty to defend. Mr. Martinez responds that Wellington's duty to indemnify is not ripe for determination because no discovery regarding his employment status with Ranger has occurred in the underlying case.

Under Texas law, "[t]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in the original).  The court herein determined that the Employer's Liability Exclusion does not apply and that Wellington is not entitled to a declaratory judgment that it has no duty to defend.  Because there are no reasons that negate the duty to defend, there are no reasons that negate any possibility that Wellington will ever have a duty to indemnify.  Therefore, Wellington's claim for a declaratory judgment regarding its duty to indemnify is not justiciable, and the court lacks subject matter jurisdiction over that claim.

### D.    Mr. Martinez's Objection to Wellington's Summary Judgment Evidence

In the appendix to its motion for summary judgment, Wellington included Mr. Martinez's original petition and his first amended petition.  Mr. Martinez objects to this evidence because it is "irrelevant to the determination of Wellington's duty to defend and duty to indemnify."  Martinez Resp. 3.  Because the court did not consider the evidence to which Mr. Martinez objects, his

argument is moot.   Accordingly, the court **overrules as moot** Mr. Martinez's objection to Wellington's summary judgment evidence.

### IV.    Conclusion

For the reasons herein stated, the court determines that the Employer's Liability Exclusion does not apply to Mr. Martinez's injury.   Accordingly, the court **denies** Wellington Specialty Insurance Company's Motion for Summary Judgment as to its claim for a declaratory judgment regarding its duty to defend.   Wellington **shall file** a response to the court's *sua sponte* motion for summary judgment as herein directed by **12:00 p.m.** on **July 31, 2009**.   The court also determines that Wellington's claim for a declaratory judgment regarding its duty to indemnify is not justiciable and that the court lacks subject matter jurisdiction over this claim.   Accordingly, the court **dismisses without prejudice** Wellington's claim for a declaratory judgment regarding its duty to indemnify.

**It is so ordered** this 17th day of July, 2009.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge